*parol.* In an action on a promissory note purporting on its face not to be yet due, the admission of testimony offered by plaintiff to show that there was an understanding that the note was to become due when defendant collected money on a certain note which had been given to defendant by a third person, *held* error.

3. EVIDENCE, § 338*—*when parol evidence inadmissible.* The rule that when a written instrument is incidental to an agreement the whole transaction may be shown by parol, *held* not applicable when the suit instead of being based on a parol agreement is based on the terms of the written instrument which plaintiff endeavors to alter by offering evidence of the parol agreement.

---

### City of Chicago, Defendant in Error, v. Frank J. Geraghty, Plaintiff in Error.

### Gen. No. 19,522.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN A. MA-HONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of facts. Opinion filed October 8, 1914.

### Statement of the Case.

Quasi-criminal action by the City of Chicago against Frank J. Geraghty charging defendant with making, aiding, countenancing and assisting in making an improper noise, riot and disturbance, breach of the peace, etc., contrary to and in violation of section 2012 of the Chicago Code. The court found defendant guilty and fined him five dollars and costs. To reverse the judgment, defendant prosecutes a writ of error.

Defendant urged as ground for reversal that the court erred in overruling his motion for a continuance, whereby he was not given an opportunity to present all his evidence; that the finding of the court was against the weight of the evidence, and that the court

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

erred in refusing to hear affidavits in support of his motion to vacate the judgment and grant a new trial, and also erred in overruling his motion for a new trial.

WILLIAM E. CLOYES, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. McINERNEY, for defendant in error; ALBERT J. W. APPELL, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. CONTINUANCE, § 66*—*when refusal of constitutes an abuse of discretion.* Action of a judge of the Municipal Court in refusing a request by defendant for a continuance to enable him to engage an attorney, and in saying to defendant that he had no need of an attorney's services, *held* an abuse of discretion, it appearing that defendant was arrested Sunday afternoon charged with a violation of a city ordinance and was not released on bail until 7:40 p. m.; that he lived in a suburb of the City, more than twenty miles away, and that he was required to be present in court at 9 o'clock the next morning.

2. MUNICIPAL CORPORATIONS, § 864*—*when finding of guilty for violation of ordinance not sustained by the evidence.* On a complaint filed in the Municipal Court charging defendant with disturbing the peace in violation of a city ordinance, a finding of guilty *held* not sustained by the evidence, it appearing that the only evidence introduced on behalf of plaintiff was the testimony of the officer who arrested defendant, and that his testimony did not show wherein the defendant was guilty of the offense charged.

---

### R. A. Wells Lumber Company, Defendant in Error, v. Jonathan Dunfee, Plaintiff in Error.

### Gen. No. 19,566.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.